J. S71013/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GEORGE R. JONES, | : | No. 210 MDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, January 8, 2014
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0007300-2009

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 23, 2015**

Appellant, George R. Jones, appeals from the January 8, 2014 order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court denied and dismissed appellant's request for collateral relief without an evidentiary hearing.  Upon review, we affirm.

Appellant was charged with one count of aggravated assault on June 25, 2009, in relation to the beating of Michael Barton at 33 South Penn Street.  The following facts were presented at appellant's jury trial.  On June 23, 2009, police responded to a call that Barton had been struck in the head and was bleeding.  Upon arrival, the officer observed Barton seated in a lawn chair bleeding profusely from his head.  A black duffle bag on the ground near the victim contained appellant's Pennsylvania State

_____

* Former Justice specially assigned to the Superior Court.

Identification Card and a paystub bearing his name; appellant was not present. John Collington was at the house on the night in question, but was in the bathroom at the time the victim was struck. Collington stated he had seen appellant before going to the bathroom and testified appellant left after having words with his girlfriend.

The victim testified that when he arrived at 33 South Penn Street, he saw people drinking beers and socializing on the porch. Appellant pulled up in a van, came over, and started talking to everyone. A woman jumped out of the van and began chasing appellant. She then drove off in the van and returned with a butcher knife and a pipe which she threw down on the ground and left again. The victim stated that appellant asked if he could use someone's cellphone, and proceeded to take the phone out of the victim's hand without permission. The victim took his phone back and decided to leave. As he looked for his keys, the victim stated that he saw appellant behind him with the pipe, and that appellant struck him in the side of his face and knocked him out.[1] The victim suffered multiple facial fractures and has been unable to work due to a decrease in memory, balance, and motor skills.

Following a jury trial, appellant was found guilty of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1). On February 9, 2011, appellant was sentenced

---

[1] Appellant was able to establish, through the testimony of the victim and the officer, that the victim had never before indicated that he saw appellant with the pipe prior to being struck.

- 2 -

to a term of 6 to 12 years' incarceration. No post-sentence motions were filed. Following the filing of a timely notice of appeal, a panel of this court affirmed judgment of sentence on January 18, 2012. Appellant filed a *pro se* PCRA petition on August 27, 2012. Counsel was appointed and an amended petition was filed on February 15, 2013. On June 7, 2013, the PCRA court issued its notice of intent to dismiss the petition without a hearing. Appellant filed a response on June 26, 2013. Subsequently, the PCRA court dismissed the petition on January 8, 2014. This timely appeal followed. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Two claims are presented in appellant's brief. First, appellant contends that the PCRA court erred in dismissing, without conducting an evidentiary hearing, his claim that prior counsel was ineffective for failing to preserve a challenge to the weight of the evidence. Second, appellant claims that the trial court erred when it dismissed his PCRA petition without a hearing concerning his claim that trial counsel failed to investigate the case and call certain witnesses; appellant alleges that he submitted certifications regarding each potential witness he intended to call.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.

> ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007), ***appeal denied***, 940 A.2d 365 (Pa. 2007).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

***Id.*** at 882, quoting ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, ***i.e.*** there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (1999); ***Commonwealth v. Douglas***, 537 Pa. 588, 645 A.2d 226, 230 (1994).

*Commonwealth v. Bracey*, 795 A.2d 935, 942 (Pa. 2001).

We begin with appellant's first issue; again, whether trial counsel was ineffective for failing to file post-sentence motions challenging the verdict as being against the weight of the evidence. Appellant essentially contends that the testimony given by the victim is not credible. We note our standard of review for weight of the evidence claims:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record

> shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis omitted) (citations omitted).

The PCRA court found appellant failed to satisfy the requirement for establishing ineffectiveness as it concluded the weight claim was meritless. The crucial evidence against appellant came in the form of testimony from the victim. The jury heard that the victim had not previously reported to the police seeing appellant with the pipe in his hand or testified to such at the preliminary hearing. While the victim might not have previously stated that he had seen appellant with the pipe, he never wavered in his identification of appellant as the attacker. The jury chose to credit the testimony of the victim whose testimony supports the decision to find appellant guilty of aggravated assault. A mere conflict in testimony does not justify the grant of a new trial on a weight of the evidence claim. ***Commonwealth v. Fisher***, 47 A.3d 155, 158 (Pa.Super. 2012).

In its order denying the PCRA petition, the court conducted a weight of the evidence review and found appellant's convictions did not shock the judicial conscience given the evidence. (Docket #39.) We find no abuse of discretion. Since there was no merit to appellant's claim of ineffective assistance, the PCRA court did not err when it denied appellant's petition without a hearing. ***See Commonwealth v. Jones***, 942 A.2d 903 (Pa.Super. 2008), ***appeal denied***, 956 A.2d 433 (Pa. 2008) (post-

conviction court did not err by failing to hold an evidentiary hearing with regard to defendant's claims of ineffective assistance of counsel as such a claim must meet all three prongs of the test for ineffectiveness, and the court determined, without a hearing, that one of the prongs could not be met; thus, there was no purpose for a hearing). As counsel cannot be held ineffective for failing to raise a meritless claim, we conclude that appellant has failed to establish a claim of ineffectiveness on this basis.

Next, appellant argues that the PCRA court erred when the court dismissed appellant's petition without a hearing on the claim that trial counsel was ineffective for failing to call four specific witnesses. (Appellant's brief at 8.) "[W]here a[n appellant] claims that counsel was ineffective for failing to call a particular witness, we require **proof** of that witness's availability to testify, as well as an adequate assertion that the substance of the purported testimony would made a difference in the case." **Commonwealth v. Clark**, 961 A.2d 80, 90 (Pa. 2008) (emphasis added). With respect to such claims, our court has explained that the appellant must show:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Washington***, 927 A.2d 586, 599 (Pa. 2007). Thus, trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by appellant that the witness's testimony would have been helpful to the defense. ***Commonwealth v. Auker***, 681 A.2d 1305, 1319 (Pa. 1996).

Instantly, the amended PCRA petition merely provides a bald assertion that the witnesses could have been called. The initial ***pro se*** PCRA petition merely lists the witnesses' names, addresses, dates of birth, and conclusory statements such as "rebuttal -- conclusive evidence of innocence -- direct evidence." (Docket #35.) Consequently, we agree with the PCRA court that appellant fails to prove that, at the time of trial, these witnesses were available and willing to testify or detail the testimony that would have been helpful to his defense. As appellant cannot demonstrate how any of the proposed witnesses' testimony would have assisted him, or that those witnesses would have testified on his behalf, counsel cannot be ineffective for failing to interview them.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015

- 8 -