J. S45032/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ELLEN RENEE BURNS, | : | |
| | : | |
| Appellant | : | No. 2044 MDA 2014 |

Appeal from the Judgment of Sentence October 20, 2014
In the Court of Common Pleas of York County
Criminal Division No(s).: CP-67-CR-0007158-2012

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:      **FILED SEPTEMBER 10, 2015**

Appellant, Ellen Renee Burns, appeals from the judgment of sentence entered in the York County Court of Common Pleas following the revocation of her intermediate punishment ("IP") sentence. She challenges the discretionary aspects of her sentence. Appellant's counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm and grant counsel's petition to withdraw.

The facts are unnecessary to our disposition. Appellant pleaded guilty to theft by deception[1] on February 13, 2013. On the same date, the court imposed a sentence of five years' IP with six months of electronically

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3922.

monitored house arrest. Appellant was ordered to pay restitution and court fees, undergo a mental health evaluation, and complete one hundred hours of community service. N.T. Sentencing Hr'g, 2/13/13, at 11. Appellant violated her IP sentence when she was charged with nine felony counts of theft. N.T. IP Violation ("IPV") Hr'g, 8/4/14, at 2. At the IPV hearing, the court ordered a presentence investigation report ("PSI") and scheduled an IPV sentencing hearing for October 20, 2014. Following the October 20th hearing, the court sentenced Appellant to fifteen to thirty months' imprisonment with credit for 161 days of time served. N.T. IVP Sentencing Hr'g, 10/20/14, at 7.

Appellant filed a motion for reconsideration of her sentence on October 30, 2014, requesting that the court "consider imposing a sentence requiring a period of less incarceration, specifically one that might enable her to remain in York County Prison." Mot. for Recons. of Sentence, 10/30/14, at 2 (unpaginated). In support of her request, Appellant averred that she had two minor children and was in need of medical treatment for a type of cancer that was affecting her nose. *Id.* Appellant's motion for reconsideration did not raise a discretionary aspect of sentencing claim. The court denied the motion on November 5, 2014. This timely appeal followed.

The trial court ordered a Pa.R.A.P. 1925(b) statement on December 5, 2014. In lieu of the 1925(b) statement, counsel filed an **Anders** brief.[2]

As a prefatory matter, we examine whether counsel complied with the requirements of **Anders**, **supra**, as clarified by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). "When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). This Court must examine the **Anders** brief to ensure that it has satisfied the following requirements:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. . . .

**Santiago**, 978 A.2d at 361.

Instantly, counsel's application for leave to withdraw and appellate brief comply with the technical requirements of **Anders** and **Santiago**. **See id.** The application and brief set forth a discretionary aspect of sentencing issue, cite relevant legal authority, and conclude the appeal is frivolous. **See**

---

[2] Pa.R.A.P. 1925(c)(4).

*id.* The record also establishes Appellant was served a copy of the brief and application, which advised her of the right to retain new counsel, or proceed *pro se* and raise additional issues to this Court. ***See id.***

Once the requirements attendant to counsel's request to withdraw are satisfied, a reviewing court will examine the proceedings and render an independent judgment of whether the appeal is in fact wholly frivolous. ***Wimbush***, 951 A.2d at 382.

The ***Anders*** brief raises the following issues for our review:

> I. Whether the trial court abused its discretion by revoking and resentencing the Appellant, thus imposing an unduly harsh and manifestly excessive sentence?
>
> II. Whether the Appellant was entitled to credit for the time she served on house arrest pursuant to her original [IP] sentence?

Appellant's Brief at 5.

This Court has stated that

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether **the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence**, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006) (some citations omitted and emphasis added). The failure to raise a challenge to the discretionary aspects of a sentence in the trial court "results in a waiver of all such claims." **Commonwealth v. Felder**, 75 A.3d 513, 515 (Pa. Super. 2013) (citation omitted).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.*, the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range).

**Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

Instantly, Appellant timely appealed and included a short Pa.R.A.P. 2119(f) statement in her brief:

> A substantial sentencing question is presented concerning the trial court's imposition of a fifteen (15) to thirty (30) month sentence after being found in violation of her original [IP] sentence. The trial court found that Appellant's receipt of new criminal charges in another county was a basis to revoke the Appellant's original [IP] sentence and resentence her to an aggravated range sentence in a state correctional institution. Therefore, this Honorable Court's review of the sentencing issues presented by this appeal is appropriate.

Appellant's Brief at 4. Although the statement fails to comply with the well-settled requirements of **Goggins**, **supra**, the Commonwealth has not

objected to a deficient Rule 2119(f) statement. Thus, we decline to find waiver on that ground. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1271 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014)..

As a prefatory matter, we consider whether the issues are waived. Instantly, the court sentenced Appellant on October 20, 2014. Appellant did not challenge the discretionary aspect of her sentence with the trial court at the sentencing hearing or in her motion for reconsideration of sentence. *See* Appellant's Mot. for Recons. of Sentence, 10/30/14, at 1-2. Appellant only asked the court to impose a sentence of less incarceration. *See id.* Because Appellant did not preserve the excessive sentence claim,[3] we need not resolve the substantive merits. *See Evans*, 901 A.2d at 533. Therefore, Appellant waived her challenge to the discretionary aspects of her sentence. *See id.*

A review of the record reveals no other meritorious issue that could provide relief.

---

[3] We note that a claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002); *see also Dodge*, 77 A.3d at 1271. However, bald allegations of excessiveness do not raise a substantial question. *Mouzon*, 812 A.2d at 627; *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012). We need not, however, examine whether Appellant's excessive sentence claim raises a substantial question because it was not raised before the trial court. *See Evans*, 901 A.2d at 533-34.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2015