J-S25026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES EUGENE LUCAS | |
| Appellant | No. 1254 WDA 2015 |

Appeal from the Judgment of Sentence July 13, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000053-2006

BEFORE: FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 02, 2016**

Appellant, Charles Eugene Lucas, appeals from the July 13, 2015 aggregate judgment of sentence of 15 to 30 years' imprisonment, imposed following the revocation of his probation. After careful review, we affirm.

The relevant facts and procedural history, as gleaned from the certified record, are as follows. On February 15, 2006, Appellant pled guilty to four counts of burglary for incidents involving four different victims.[1] Thereafter, on July 10, 2006, Appellant was sentenced to 6 to 12 months' imprisonment for the first-degree felony burglary count, and three concurrent sentences of nine years' probation on each of the second degree burglary counts.

_____

[1] 18 Pa.C.S.A. § 3502(a). Count 1 was graded as a first-degree felony; counts 2, 3, and 4 were graded as second-degree felonies.

On February 20, 2008, following new charges in Clarion County, Appellant's probation was revoked on the three second-degree felony burglary charges and Appellant was resentenced to an aggregate of one to two years' incarceration, followed by five years' probation. On February 3, 2015, Jefferson County probation and parole filed a detainer based on information that Appellant was again in violation of his probation/parole. A *Gagnon I*[2] hearing was held on February 17, 2015, at which the trial court ordered Appellant remain incarcerated pending the outcome of the new charges on the two counts of misdemeanor theft in Clarion County. On June 17, 2015, a *Gagnon II* hearing was held and the trial court took judicial notice of Appellant's guilty plea to the Clarion County charges. On July 1, 2015, the trial court revoked Appellant's probation on all three second-degree felony charges, and resentenced Appellant to three consecutive sentences of five to ten years' imprisonment, for an aggregate sentence of 15 to 30 years' imprisonment. On July 6, 2015, Appellant made a motion for credit for time served, and on July 13, 2015, the trial court amended its July 1, 2015 order to reflect Appellant's credit for 887 days of time served.[3]

_____

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (setting forth the procedural requirements for probation and parole revocations).

[3] Said order was amended a second time on September 1, 2015 to reflect the amount of time served as 890 days, not 887 days. The order stated that "[a]ll other terms and conditions of t[he trial c]ourt's Order of July 13, 2015, shall remain in full forced [sic] and effect." Trial Court Order, 9/1/15.

On July 15, 2015, Appellant filed a motion to reconsider his sentence asserting the trial court's sentence was excessive. The trial court denied Appellant's motion the same day. On July 30, 2015, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issue for our review.

> Whether the trial court abused its discretion when it revoked Appellant's probation and re-sentenced him to serve a sentence of incarceration in the State Correctional Institution aggregating to a minimum of fifteen (15) years to a maximum of thirty (30) years for [A]ppellant's violations of probation/parole[?]

Appellant's Brief at 4.

We review a trial court's sentence imposed following the revocation of probation for an error of law or an abuse of discretion. *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). "[Our] scope of review in an appeal from a revocation of sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused."

_____

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

*Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010).

> [W]e must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. … [A] sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.

*Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008) (citations and quotation marks omitted).

Instantly, Appellant notes that he "does not question that a sentence of total confinement was appropriate." Appellant's Brief at 9. "He doe[s], however, aver that the aggregate sentence of fifteen (15) to thirty (30) years in a State Correctional Facility was excessive given the charges for which his probation was revoked." *Id.* at 9-10. Specifically, Appellant argues his probation was revoked following his conviction for two misdemeanor theft charges for which he only received an aggregate sentence of nine months to two years' imprisonment. *Id.* at 10.

This challenge to the discretionary aspects of a sentence is not appealable as of right. *Colon*, *supra* at 1042. Instead, an appellant must petition for permission to appeal. *Id.* We evaluate the following factors to determine whether to grant permission to appeal a discretionary aspect of sentencing.

Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [as required by Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his [Rule 2119(f)] concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Instantly, Appellant filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included a separate Pa.R.A.P. 2119(f) statement within his appellate brief. *See* Appellant's Brief at 7. Accordingly, Appellant has complied with the technical requirements to challenge the discretionary aspects of his sentence. *See Edwards*, *supra* at 330.

Appellant's Rule 2119(f) statement merely states "the sentence was manifestly unreasonable in that it was excessive and constitutes too severe a punishment under the circumstances of the case and the probation violation, and that the [trial c]ourt's reasons for the sentence did not justify the severity." Appellant's Brief at 7. Instantly, our review reveals that

Appellant has failed to present a substantial question for our review. This Court has long recognized that "a bald assertion that Appellant's sentence was excessive" does not raise a substantial question for our review. ***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013).[5] Accordingly, Appellant has failed to present a reviewable claim.

Based on the foregoing, we conclude Appellant has failed to raise a substantial question for our review. Accordingly, the trial court's July 13, 2015 judgment of sentence is affirmed.

Judgment of sentence affirmed.

─────────────────────────────

[5] Further, even if Appellant's claim arguably raised a substantial question, Appellant does not develop an argument or cite to any authority that Appellant's probation revocation sentence should be based on the severity of any new convictions, rather than the severity of the convictions underlying the revoked sentences. This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue. ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, ***Johnson v. Pennsylvania***, 562 U.S. 906 (2010); ***see also In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) (stating, "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal[]") (citation omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2016