J-S34007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID LEE CLOWNEY | |
| Appellant | No. 1798 MDA 2015 |

Appeal from the Judgment of Sentence September 15, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000958-2015

BEFORE:   PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 14, 2016**

Appellant, David Lee Clowney, appeals from the judgment of sentence entered September 15, 2015, in the Court of Common Pleas of Lackawanna County, following his guilty plea to Driving Under the Influence ("DUI"), Highest Rate of Alcohol (3d offense), 75 Pa.C.S.A. § 3802(c). Additionally, Appellant's court-appointed counsel, Donna M. De Vita, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

On June 19, 2015, Appellant entered an open guilty plea to the aforementioned DUI charge. Following a review of a pre-sentence investigation report ("PSI"), the trial court sentenced Appellant to 16 to 36 months' incarceration, followed by two years' probation. Appellant filed a

motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

As noted, Attorney De Vita has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id**. at 355 n.5 (citation omitted).

Counsel has substantially complied with the technical requirements of **Anders** as articulated in **Santiago**.[1] Additionally, counsel confirms that she

---

[1] While counsel did not include language in her petition to withdraw that she reviewed the record and concluded that the appeal is without merit, she did

*(Footnote Continued Next Page)*

sent a copy of the *Anders* brief to Appellant, as well as a letter explaining that Appellant has the right to proceed *pro se* or the right to retain new counsel. Counsel has appropriately appended a copy of the letter to the motion to withdraw, as required by this Court's decision in ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005). ***See also Commonwealth v. Daniels***, 999 A.2d 599, 594 (Pa. Super. 2010). Appellant has not filed a response to the petition.

We now proceed to examine the issues counsel sets forth in the *Anders* brief:

> A. Whether the sentence imposed was inappropriately harsh and excessive and an abuse of discretion?
>
> B. Whether the lower court failed to consider that the Appellant is a product of particular circumstances and conditions of environment, but that these matters were not fully and completely expressed at the time of sentencing?

*Anders* Brief at 4.

These claims constitute a challenge to the discretionary aspects of Appellant's sentence. Preliminarily, we must determine whether Appellant has the right to seek permission to appeal the sentencing court's exercise of its discretion. ***See Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). When an appellant challenges the discretionary aspects of his sentence, we utilize a four-part test to determine:

*(Footnote Continued)* ───────────────

include that language in her letter to Appellant and in the *Anders* brief. ***See Anders*** Brief at 13.

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*. (citations omitted).

Here, Appellant challenged his sentence in a post-sentence motion and filed a timely appeal. Appellant's brief also contains the requisite Rule 2119(f) concise statement. We must now decide whether Appellant's challenge to the discretionary aspects of his sentence raises a substantial question.

"A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *affirmed*, 125 A.3d 394 (Pa. 2015) (citation omitted).

Appellant alleges in his Rule 2119(f) statement that the trial court inappropriately focused on his prior record score when it imposed his sentence. *Anders* Brief at 10. What Appellant argues in his brief, however, is that the sentence imposed was "inappropriately harsh and excessive and

an abuse of discretion." ***Id***. This claim fails to raise a substantial question as to the appropriateness of Appellant's sentence. ***See Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."); ***Commonwealth v. Bromley***, 862 A.2d 598, 604 (Pa. Super. 2004) (defendant did not raise substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by sentence). To the extent that Appellant alternatively claims that his sentence was excessive because the trial court failed to adequately consider his "particular circumstance," this claim also does not raise a substantial question for our review. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013), ***appeal denied***, 91 A.3d 161 (Pa. 2014) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.").

Counsel concedes in the ***Anders*** brief that the trial court imposed a standard range sentence. ***Anders*** Brief at 10. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Moury***, 992 A.2d at 171 (internal citations omitted). Moreover, where, as here, the trial court has the

benefit of a pre-sentence investigation report, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Id***. at 171 (internal citations omitted). Thus, Appellant has not only failed to raise a substantial question for our review, but his arguments are also unsupported by the evidence of record. We therefore find no abuse of discretion in the trial court's imposition of sentence.

After examining the issues contained in the ***Anders*** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016