J-S47036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BERNARD R. GILLESPIE | |
| Appellant | No. 1502 MDA 2015 |

Appeal from the Judgment of Sentence August 5, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000692-2011

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 09, 2016**

Bernard R. Gillespie appeals from the judgment of sentence, entered by the Court of Common Pleas of Lycoming County, following the revocation of his sentence of intermediate punishment for criminal trespass.[1]  Gillespie's counsel also seeks to withdraw pursuant to the dictates of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Gillespie's judgment of sentence.

The trial court stated the facts of this matter as follows:

Gillespie was initially charged with burglary, criminal trespass and related charges.  On February 14, 2012, he pled guilty to

---

[1] 18 Pa.C.S. § 3503(a).

Count 2, criminal trespass a felony of the second degree pursuant to a negotiated plea agreement for probation. . . . On March 27, 2012, Gillespie was sentenced to three years of probation with conditions that included, but were not limited to, Gillespie undergoing a drug and alcohol assessment and completing any recommended treatment.

On April 25, 2013, under a different docket number, Gillespie's parole was revoked and he was recommitted to serve six months. Gillespie had relapsed by using heroin. No further action was taken on this case.

On September 12, 2013, Gillespie was again before the court. The court found probable cause to believe that Gillespie violated his supervision under five separate cases, including this one. Gillespie again was alleged to have used heroin.

. . .

The court revoked his probation, but resentenced Gillespie to serve three years [of Intermediate Punishment], and included as a condition of his supervision that he successfully complete the Lycoming County Drug Court program.

[Gillespie relapsed several more times, such that on] April 8, 2015, Gillespie was removed from the Drug Court program.

Trial Court Opinion, 2/3/16, at 2-3.

Following Gillespie's removal from the drug court program, the trial court sentenced him to three to six years' incarceration on August 5, 2015. Gillespie filed a timely post-sentence motion, which the court denied by order entered August 13, 2015. Thereafter, Gillespie filed a timely notice of appeal and court-ordered concise statement of errors complained of on

appeal pursuant to Pa.R.A.P. 1925(b).[2]  On appeal, Gillespie asserts that his sentence is excessive.

Counsel has a filed a petition to withdraw pursuant to **Anders**, **McClendon**, and **Santiago**.  "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."  **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005).  Based upon **Anders** and **McClendon**, counsel seeking to withdraw must:  1) petition the court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review.  **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001).  Additionally, in **Santiago**, our Supreme Court held that counsel must state the reasons for concluding the client's appeal is frivolous.  **Santiago**, 978 A.2d at 361.

_____

[2] The trial court ordered Gillespie to file a Rule 1925(b) statement within 21 days of September 4, 2015.  Gillespie's counsel filed a petition seeking an extension of time to file a Rule 1925(b) statement, asserting that she did not receive a copy of the order until the deadline had passed.  The petition was granted and counsel filed a timely *nunc pro tunc* Rule 1925(b) statement on October 15, 2015.

Instantly, counsel's petition to withdraw states that she has examined the record and has concluded that the appeal is wholly frivolous. Counsel has also filed a brief in which she repeats the assertion that there are no non-frivolous issues to be raised and provides her reasoning for concluding the appeal is frivolous. Counsel has notified Gillespie of the request to withdraw and has provided him with a copy of the brief and a letter explaining his right to proceed *pro se* or with privately retained counsel regarding any other issues he believes might have merit. Accordingly, we find that counsel has substantially complied with the procedural requirements for withdrawal.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004).

Gillespie's sole contention is that his sentence is excessive, which presents a challenge to the discretionary aspects of sentencing. An appellant is not entitled to review of the discretionary aspects of sentencing unless he or she satisfies a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Here, Gillespie filed a timely notice of appeal and preserved this issue in a motion to modify sentence. Gillespie's brief fails to include a separate concise statement of the reasons relied upon in challenging the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). However, the Commonwealth has not objected to the lack of a separate statement pursuant to Rule 2119(f). ***See Commonwealth v. Stewart***, 867 A.2d 589, 592 (Pa. Super. 2005) (declining to find waiver of discretionary aspects of sentencing issue where Commonwealth did not object to lack of Rule 2119(f) statement). Thus, we turn to whether Gillespie presents a substantial question that his sentence is not appropriate under the Sentencing Code.

Gillespie's claim is limited to the argument that the sentence he received was longer than he expected and he has "changed during his time in prison." Brief for Appellant, at 11. This assertion neither indicates how the sentence specifically violates the Sentencing Code nor how it is contrary to a fundamental norm of the sentencing process. ***See Caldwell***, ***supra*** at 768; ***see also Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald assertion that a sentence is excessive does not by itself

raise a substantial question justifying this Court's review of the merits of the underlying claim."). Thus, Gillespie fails to raise a substantial question.[3]

Based upon the foregoing and our independent review of the record, we find Gillespie's appeal to be meritless. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016

_____

[3] Had Gillespie raised a substantial question, he nevertheless would not be entitled to relief. In fashioning Gillespie's sentence, the court specifically noted Gillespie's repeated relapses and inability to rehabilitate through probation, intermediate punishment, drug court, or other rehabilitation programs. Thus, the sentence was appropriate under the circumstances. **See Commonwealth v. Naranjo**, 53 A.3d 66, 73 (Pa. Super. 2012) (we cannot disturb sentence within statutory limits unless it is unreasonable).