J-S44045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT JACKSON, | : | |
| | : | |
| Appellant | : | No. 225 EDA 2017 |

Appeal from the Judgment of Sentence November 29, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0001223-2012

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 31, 2017**

Robert Jackson ("Jackson") appeals from the judgment of sentence imposed following the revocation of his probation.  Additionally, Patrick J. Connors, Esquire ("Attorney Connors"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Connors's Petition to Withdraw, and affirm Jackson's judgment of sentence.

On May 8, 2012, Jackson entered a negotiated guilty plea to identity theft. The trial court sentenced Jackson to a term of 9 to 24 months in prison, with credit for time served, followed by three years of probation.

Jackson was subsequently convicted, on two separate dockets, of bad checks and theft by unlawful taking.  The trial court conducted a ***Gagnon II***[1] hearing on November 29, 2016, during which Jackson stipulated that he

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

was in violation of his probation. The trial court sentenced Jackson to a term of one to two years in prison, followed by one year of probation. The trial court also ordered Jackson's sentence to run concurrent to the sentences imposed for the convictions giving rise to the violation.

Jackson filed a timely Notice of Appeal. On January 11, 2017, the trial court ordered Jackson to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. In lieu of filing a concise statement, Attorney Connors filed a Statement of his intention to file an *Anders* Brief. Attorney Connors subsequently filed a Petition to Withdraw as counsel.

We must first determine whether Attorney Connors has complied with the dictates of *Anders* in petitioning to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the [appellate] court.

***Commonwealth v. Burwell***, 42 A.2d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Connors has complied with the requirements set forth in ***Anders*** by indicating that he made a thorough review of the record and determined that an appeal would be frivolous. Further, the record contains a copy of the letter that Attorney Connors sent to Jackson, informing him of Attorney Connors's intention to withdraw and advising him of his rights to proceed *pro se*, retain counsel, and file additional claims. Finally, Attorney Connors's ***Anders*** Brief meets the standards set forth in ***Santiago***. Because Attorney Connors has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Jackson's appeal is, in fact, wholly frivolous.

In the ***Anders*** Brief, the following question is presented for our review: "Whether the sentence of one to two years [of] incarceration

imposed on [] Jackson is harsh and excessive under the circumstance?"

***Anders*** Brief at 1.[2]

Jackson's claim implicates the discretionary aspects of his sentence following the revocation of his probation. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** (quotation marks and some citations omitted).

Here, Jackson did not challenge the discretionary aspects of his sentence at his ***Gagnon II*** hearing, nor did he file a motion to reconsider and modify his sentence. Accordingly, Jackson's claim is waived. ***See id.*** (stating that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.").

---

[2] Jackson did not file a separate *pro se* brief, nor did he retain alternate counsel for this appeal.

Further, the bald claim of excessiveness set forth in Jackson's Rule 2119(f) Statement does not raise a substantial question. **_See Commonwealth v. Fisher_**, 47 A.3d 155, 159 (Pa. Super. 2012) (stating that "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."); **_see also id._** (concluding that appellant's claim that his sentence was excessive did not raise a substantial question, where he failed to challenge a specific provision of the sentencing scheme, or cite to a fundamental norm underlying the sentencing process that he believed was violated).[3]

Finally, our independent review discloses no other non-frivolous claims that Jackson could raise on appeal. Accordingly, we grant Attorney Connors's Petition to Withdraw, and affirm Jackson's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

---

[3] Moreover, the trial court noted that Jackson had been doing well on parole and probation for several years before incurring new charges, and that the violation arose out of two new convictions. **_See_** N.T., 11/29/16, at 9, 14; **_see also_** 42 Pa.C.S.A. § 9721(b) (providing that "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reasons or reasons for the sentence imposed."); **_Commonwealth v. Pasture_**, 107 A.3d 21, 28 (Pa. 2014) (stating that "the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing."). Accordingly, we discern no abuse of discretion by the trial court in imposing a sentence well below the statutory maximum, in favor of the Commonwealth's recommendation.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017