**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Kevin D. FISHER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 2012.
Filed June 12, 2012.

Colville, J, concurred in result.

Gary S. Server, Philadelphia, for appellant.

Daniel F. Creedon, IV, Assistant District Attorney, Philadelphia and Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BENDER, J., WECHT, J., and COLVILLE, J.*

OPINION BY WECHT, J.:

Kevin D. Fisher ["Appellant"] appeals from an April 10, 2007 judgment of sentence imposed upon him. The sentence followed a jury verdict convicting Appellant of indecent assault upon a person less than thirteen years of age.[1] Upon review, we affirm.

The trial court summarized the facts as follows:

> On July 4, 2002, T.T., who was eight years old at the time, was at her home on East Cambria Street in Philadelphia. Her plans were to attend a family barbecue later that evening. She was in her mother's bedroom; her mother was at work at the time and her brothers were downstairs. At the time she was wearing a long t-shirt and underwear. At some point T.T. had an argument with another child in the house and [Appellant], Kevin Fisher, broke up the fight and made everyone except T.T. leave the bedroom.
>
> [Appellant] sat down in a red chair by the wall and told T.T. to stand on his legs facing away from him; she did so. He held her ankles with his hands and began to lick her legs from her ankles to her buttocks. She asked [Appellant] what he was doing and [Appellant] put her down. She ran out of the room crying; her mother arrived home some time later and T.T. told her mother what happened. Her mother called police and T.T. spoke with police officers later that evening.

Trial Court Opinion ["T.C.O."], 4/27/11, at 1–2. T.T.'s older brother testified at trial that he witnessed Appellant's assault on T.T. through a slightly ajar bedroom door. Notes of Testimony ["N.T."], 11/7/2006, at 150–51. The brother saw Appellant licking the back of T.T.'s knees while she was standing on Appellant's legs. *Id.* The brother confirmed that T.T. was wearing only a t-shirt and underwear. *Id.*

On April 10, 2007, the trial court sentenced Appellant to one to five years of imprisonment. On April 20, 2007, Appellant filed a post-sentence motion. On August 20, 2008, the motion was denied by operation of law, pursuant to Pa.R.Crim.P. 720(B)(3).[2] Appellant did not file an appeal. On December 1, 2008, Appellant filed a *pro se* petition under the Post–Conviction Relief Act ["PCRA"], 42 Pa. C.S.A. §§ 9541–9546. Appellant's petition was later amended by appointed counsel

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. § 3126(a)(7).

2. Pa.R.Crim.P. 720(B)(3) provides, in relevant part: "If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law."

on July 16, 2009. On September 28, 2009, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. On October 10, 2009, Appellant filed a notice of appeal. He now raises the following issues for our review:

1) Whether the defendant's conviction for Indecent Assault is based upon insufficient evidence and against the weight and credibility of the evidence that the Appellant touched the complainant's intimate body parts for the purpose of arousing or gratifying his or the complainant's sexual desire.

2) Whether the Court abused its discretion at sentencing by exceeding the guideline sentence and imposing an excessive and manifestly unreasonable state sentence without sufficiently articulated reasons to justify it.

Appellant's Brief at 6.

Appellant's first issue presents a challenge to both the sufficiency and the weight of the evidence. We will review each challenge separately, starting with Appellant's sufficiency of the evidence claim. Our scope and standard of review are well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751–52 (2000) (internal citations, footnotes, and quotation marks omitted).

Indecent assault of a person less than thirteen years of age is defined as follows:

A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and ... the complainant is less than 13 years of age.

18 Pa.C.S.A. § 3126(a)(7). Indecent contact is defined as: "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S.A. § 3101.

Appellant argues that the evidence presented at trial was insufficient, because the Commonwealth did not present any evidence that Appellant touched T.T.'s genitalia, buttocks, breasts or other sexual or intimate parts. Appellant asserts that the backs of T.T.'s legs from ankle to below her buttocks are not considered sexual or intimate parts of the body under the Crimes Code. Appellant's Brief at 15.

We previously have held that areas of the body other than the genitalia, buttocks, or breasts can be intimate parts of the body as contemplated by 18 Pa.C.S.A. § 3126(a)(7). *Commonwealth v. Capo*, 727 A.2d 1126, 1127 (Pa.Super.1999). In *Capo*, a sixty-one-year-old appellant was found guilty of indecent assault for kissing a fifteen-year-old victim on her face and neck, and for rubbing her shoulders, back, and stomach without her consent. *Id.* As in the case *sub judice*, the appellant in *Capo* argued that the evidence was insuffi-

cient to prove indecent assault because, "the contact did not involve the victim's breasts or genitalia." *Id.* This Court held that the Commonwealth need not produce evidence involving "direct contact with sex organs" in order for the evidence to sufficiently establish indecent assault. *Id.* In so holding, this court interpreted the statute defining indecent contact broadly:

The language of the statutory section defining indecent contact includes both "sexual" and "other intimate parts" as possible erogenous zones for purposes of prosecution. Therefore, the phrase "other intimate parts" cannot refer solely to genitalia, as such a construction ignores the distinction between "sexual" and "other intimate parts," making the latter term redundant.

*Id.*

■ In the instant case, the evidence was sufficient to permit the jury to find that the backs of T.T.'s legs from ankle to just below the buttocks were intimate parts of the body that Appellant touched—with his tongue, no less—for sexual gratification. Further, there is no question that T.T. was under thirteen years of age at the time. The backs of the legs can be intimate parts of the body, just as the shoulders, neck, and back were in *Capo*, when touched for the purpose of arousing or gratifying sexual desire. *Id.* This conclusion is further buttressed by the fact that the touching here was performed with Appellant's tongue. Examining the evidence in the light most favorable to the Commonwealth as verdict winner, we hold that the evidence was sufficient to allow the jury to find Appellant guilty of indecent assault.

Appellant also challenges the weight of the evidence. Our scope and standard of review are well-settled:

[A challenge to the weight of the evidence] concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Widmer*, 744 A.2d at 745, 751–52 (internal citations, footnotes, and quotation marks omitted).

Appellant's weight of the evidence argument consists of a single sentence:

The weight of the evidence overwhelmingly established that the Appellant never touched T.T.'s sexual or other intimate parts and therefore not only is there insufficient evidence to convict the Appellant for having indecent contact with T.T., but the Appellant's conviction for Indecent Assault is shocking and against the weight of the evidence.

Appellant's Brief at 15.

■ T.T. testified that Appellant licked the backs of her legs from her ankle to her buttocks. N.T. at 48–52. Her brother also saw Appellant assault T.T., and confirmed T.T.'s version of the events. N.T. at 150–151. The jury found the testimony of T.T. and her brother credible. The

verdict is not against the weight of the evidence.

Finally, Appellant claims that the trial court abused its discretion by sentencing Appellant beyond the standard range of the sentencing guidelines without sufficiently articulating justifiable reasons for doing so. Appellant's Brief at 3. Such a challenge implicates discretionary aspects of sentencing.

■ "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super.), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004). To obtain review of the merits of a challenge to the discretionary aspects of a particular sentence, an appellant must meet two requirements. First, an appellant "shall set forth in his brief a concise statement of reasons relied upon for allowance of appeal" and the statement "shall immediately precede the argument on the merits." Pa.R.A.P. 2119(f). The purpose of the concise statement is to allow the Superior Court to determine whether a substantial question is raised. *Commonwealth v. Kiesel*, 854 A.2d 530, 532 (Pa.Super.2004). Second, "the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274.

■ A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa.Super.2005). This Court's inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the mer-

its." *Id.* Whether a substantial question has been raised is determined on a case-by-case basis; the fact that a sentence is within the statutory limits does not mean a substantial question cannot be raised. *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa.Super.2003). However, a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim. *Id.*

■ Appellant included a concise statement in his brief, but he does not challenge a specific provision of the sentencing scheme nor cite any particular fundamental norm underlying the sentencing process that he believes was violated. Appellant simply asserts: "A substantial question is presented about the sentence where the Court imposed a manifestly unreasonable sentence in excess of the guidelines without sufficient justification." Appellant's Brief at 13. This amounts to a bald assertion that Appellant's sentence was excessive, devoid of supporting legal authority. Because Appellant's 2119(f) statement does not present a substantial question, we will not review his sentencing claim. *Commonwealth v. Reynolds*, 835 A.2d 720, 733 (Pa.Super.2003).

In sum, the jury's verdict was not against the weight of the evidence, and the evidence was sufficient to sustain the jury's finding of indecent assault.

Judgment of sentence affirmed. Jurisdiction relinquished.

COLVILLE, J., concurs in the result.