J-S23005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KENNETH WENDELL OLSWFSKI | |
| Appellant | No. 2684 EDA 2015 |

Appeal from the Judgment of Sentence July 17, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003162-2014

BEFORE: PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 19, 2016**

Appellant, Kenneth Wendell Olswfski, appeals from the judgment of sentence entered by the Honorable F.P. Kimberly J. McFadden, Northampton County Court of Common Pleas. We affirm.

The trial court summarized the relevant factual and procedural history as follows.

> On January 20, 2011, Defendant was sentenced to four (4) to twenty-three (23) months on the charge of theft as a felony of the third degree, to be followed by four years of probation. On December 23, 2014, Defendant was sentenced to sixty (60) months of county intermediate punishment in the TCAP Program on the charge of robbery as a felony of the third degree.
>
> On July 17, 2015, Defendant was brought before the Court for a probation violation hearing. Defendant's probation officer

_____

[*] Former Justice specially assigned to the Superior Court.

> testified that Defendant failed to comply with drug and alcohol counseling, failed to comply with the TCAP Program requirements, failed to make regular payments on costs and restitution, and violated by getting new charges. Defendant's probation on the theft and robbery charges was revoked and he was re-sentenced to eighteen (18) to thirty-six (36) months in state prison on each charge, to be run concurrently.

Trial Court Opinion, at 1.

Olswfski filed a post-sentence motion for reconsideration, but the trial court did not rule on it. This timely appeal followed.

On appeal, Olswfski challenges the discretionary aspects of his sentence and contends that the trial court imposed a manifestly excessive sentence. Specifically, Olswfski argues that the trial court failed to adequately consider certain mitigating factors and imposed a sentence "based only upon the perceived seriousness of the offense to the exclusion of all other relevant facts…." Appellant's Brief, at 7. Moreover, Olswfski asserts that the trial court erred in sentencing him to state prison, rather than allowing him to remain in county prison and obtain work release, or in the alternative, allowing him to enroll in the Drug Court Program or TCAP Program. *See id*., at 8, 12-13.

We start our analysis by noting that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (citation omitted). Without such efforts, an objection to a discretionary aspect of a sentence is waived. *See id*., at 1274. "When

challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence." *Id*. A "substantial question" as to the inappropriateness of the sentence under the Sentencing Code exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (citations omitted). "An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Shugars*, 895 A.2d at 1274 (citation and internal quotations omitted).

Here, Olswfski raised the issues presented on appeal in his post-sentence motion. However, he failed to raise a substantial question subject to our review. In his Rule 2119(f) statement,[1] Olswfski does not challenge a specific provision of the Sentencing Code or cite a particular fundamental

_____

[1] We acknowledge the Commonwealth's objection to the form of Olswfski's Rule 2119(f) statement; however, we decline to find Olswfski's arguments waived simply because he failed to separate his Rule 2119(f) statement from the remainder of his argument section.

norm underlying the sentencing process that he believes was violated. Instead, he merely asserts as follows.

> The court has imposed a manifestly excessive sentence without considering that Defendant was compliant with supervision until being involved in a serious car accident. The result of actions by the court is inconsistent with the sentencing code and contrary to the fundamental norms underlying the sentencing process. The sentence therefore cannot stand.

Appellant's Brief, at 13.

This bald assertion of excessiveness is insufficient to present a substantial question. *See Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012); *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) ("As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code.") (citation omitted). Moreover, Olswfski's assertion that the trial court erred by failing to adequately consider certain mitigating factors, such as his prior compliance with supervision, does not present a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*). Finally, although Olswfski's claim that the trial court erred by sentencing him to serve his time in state prison, rather than in a county facility, may have presented a substantial question, he failed to cite a particular provision of the Sentencing Code for which he claims the trial court violated. Consequently, Olswfski has failed to invoke our jurisdiction, and we cannot review the merits of his sentencing claim. *See Moury*, 992

A.2d at 170; **Commonwealth v. Hartle**, 894 A.2d 800, 806 (Pa. Super. 2006).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016