J-S47041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

JOHN CARO

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 80 MDA 2016

Appeal from the Judgment of Sentence March 16, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000682-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:          **FILED AUGUST 09, 2016**

John Caro appeals from the judgment of sentence, entered in the Court of Common Pleas of Lackawanna County, after he pled guilty to attempted criminal homicide.[1]  Caro's counsel also seeks to withdraw pursuant to the dictates of **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Caro's judgment of sentence.

On December 31, 2006, Caro pulled his vehicle next to the victim's vehicle while driving on Route 81 and shot the victim in the head.  Based

_____

[1] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 2501.

upon these actions, Caro was initially charged with attempted criminal homicide and related crimes including aggravated assault,[2] recklessly endangering another person (REAP),[3] and carrying a firearm without a license.[4]   Caro fled to Colombia after the above incident and was not apprehended until 2014.  In exchange for Caro's guilty plea to attempted homicide on December 10, 2014, Caro's remaining charges were *nolle prossed*.

Caro was sentenced on March 16, 2015, to a term of 13 to 30 years' incarceration.  On September 24, 2015, Caro filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA),[5] seeking reinstatement of his direct appeal rights *nunc pro tunc*.  Caro's PCRA petition was granted on December 8, 2015, and he was appointed counsel, who filed a *nunc pro tunc* notice of appeal of the judgment of sentence on January 7, 2016.  On January 26, 2016, Caro filed a timely court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  On appeal Caro asserts that his sentence is excessive.

_____

[2] 18 Pa.C.S. § 2702.

[3] 18 Pa.C.S. § 2705.

[4] 18 Pa.C.S. 6106.

[5] 42 Pa.C.S. §§ 9541-9546.

Counsel has filed a petition to withdraw pursuant to **Anders**, **McClendon**, and **Santiago**. "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 847 A.2d 638, 639 (Pa. Super. 2005). Based upon **Anders** and **McClendon**, counsel seeking to withdraw must: 1) petition the court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). Additionally, in **Santiago**, our Supreme Court held that counsel must state the reasons for concluding the client's appeal is frivolous. **Santiago**, 978 A.2d at 361.

Instantly, counsel's petition to withdraw states that he has examined the record and has concluded that the appeal is wholly frivolous. Counsel has also filed a brief in which he repeats the assertion that there are no non-frivolous issues to be raised and provides his reasoning for concluding the appeal is frivolous. Counsel has notified Caro of the request to withdraw and has provided him with a copy of the brief and a letter explaining his right to proceed *pro se* or with privately retained counsel regarding any other issues

he believes might have merit. Accordingly, we find that counsel has substantially complied with the procedural requirements for withdrawal.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

Caro's sole contention is that his sentence is excessive, which presents a challenge to the discretionary aspects of sentencing. An appellant is not entitled to review of the discretionary aspects of sentencing unless he or she satisfies a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Here, Caro filed a timely *nunc pro tunc* notice of appeal after his direct appeal rights were reinstated and had preserved this issue in a motion for reconsideration of sentence after sentencing. Caro's brief includes a separate statement of the reasons relied upon in challenging the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Thus,

we turn to whether Caro presents a substantial question that his sentence is not appropriate under the Sentencing Code.

Caro's claim is limited to the argument that the sentence he received is excessive. This assertion neither indicates how the sentence specifically violates the sentencing scheme in the Sentencing Code nor how it is contrary to a fundamental norm of the sentencing process. *See Caldwell*, *supra* at 768; *see also Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."). Thus, Caro fails to raise a substantial question.[6]

Based upon the foregoing and our independent review of the record, we find Caro's appeal to be meritless. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

_____

[6] Had Caro raised a substantial question, he nevertheless would not be entitled to relief because the sentence imposed is in the standard range of the sentencing guidelines and the court reviewed a pre-sentence investigation (PSI) report. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citing *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa. Super. 1995) (combination of PSI and standard range sentence, without more, not excessive or unreasonable)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/9/2016</u>