J-S35035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HENRY J. SWARTSWELDER, | |
| Appellant | No. 272 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 6, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001768-2016

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

CONCURRING MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 03, 2018**

I agree with the ultimate result reached by the Majority.  However, I depart from its analysis to the extent it suggests that Appellant cannot challenge both the sufficiency and weight of the evidence underlying his aggravated assault conviction, in particular the jury's finding that he intended to harm medical personnel.  I specifically have concern with the Majority's statement that,

> a claim of insufficient evidence argues that there was no reliable evidence presented as to each element of the offense charged beyond a reasonable doubt; in contrast, a challenge to the weight of the evidence concedes that there was sufficient evidence to sustain the verdict. ***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000).  Here, in challenging the evidence of his intent to harm EMT Heffner, Appellant appears to concede there was sufficient evidence and in actuality revert[s] to a weight claim. ***See id.***

Majority Memorandum at 4.

I interpret this statement to mean that, by contesting the weight of the evidence, Appellant has necessarily conceded any related sufficiency claims.[1] To me, such reasoning runs counter to numerous cases decided by this Court where we have permitted appellants to simultaneously challenge both the sufficiency and weight of the evidence. *See, e.g.*, *Commonwealth v. Rayner*, 153 A.3d 1049 (Pa. Super. 2016) (determining that neither the appellant's sufficiency or weight claims warranted relief); *Commonwealth v. Richard*, 150 A.3d 504 (Pa. Super. 2016) (addressing the sufficiency and weight of the evidence underlying the appellant's convictions); *Commonwealth v. Tejada*, 107 A.3d 788 (Pa. Super. 2015) (contesting both the sufficiency and weight of the evidence to support a finding that the appellant was a party to the conspiracies to commit robbery); *Commonwealth v. Fisher*, 47 A.3d 155 (Pa. Super. 2012) (reviewing the appellant's sufficiency and weight claims); *Commonwealth v. Chine*, 40 A.3d 1239 (Pa. Super. 2012) (denying the appellant's sufficiency and weight claims regarding whether he acted with malice); *Commonwealth v. Devine*, 26 A.3d 1139 (Pa. Super. 2011) (alleging that the Commonwealth did not

_____

[1] I note that the Majority does not appear to determine that Appellant's argument pertaining to his intent implicates only the weight of the evidence, and not its sufficiency. *See Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013) (recognizing that the appellant's argument "goes to the credibility of the witness's testimony, and is, therefore, not an attack on the sufficiency of the evidence, but an allegation regarding the weight it should have been afforded") (citation omitted).

present sufficient evidence that the appellant acted with legal malice to sustain his third degree murder conviction, and that the trial court's finding that the appellant had acted with malice was not so contrary to the evidence as to shock one's sense of justice).[2]

Nevertheless, I would deny Appellant's sufficiency arguments, and conclude that the trial court did not abuse its discretion in rejecting his weight claim. Accordingly, like the Majority, I would affirm Appellant's judgment of sentence.

---

[2] I recognize that our Supreme Court has stated that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." **Widmer**, 744 A.2d at 751. Notwithstanding, I believe the Court made this statement in the context of discussing the standard of review for weight claims and distinguishing such claims from sufficiency issues. In doing so, I do not think the Court intended to preclude parties from raising both sufficiency and weight claims on appeal.