J-S32005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WAYNE RAYNARDO GOODMAN, JR. | : | |
| | : | |
| Appellant | : | No. 1612 MDA 2017 |

Appeal from the Judgment of Sentence September 14, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001368-2004

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 12, 2018**

Wayne Goodman, Jr., was seventeen years old[1] when he shot and killed Robert Duson in the course of robbing Duson. A jury convicted Goodman of, among other crimes, second-degree murder. The court subsequently imposed the then-mandatory sentence of life in prison without possibility of parole for the murder conviction.

During the pendency of the appeal from the denial of Goodman's first Post Conviction Relief Act ("PCRA") petition, the Supreme Court of the United States held that sentences of life in prison without possibility of parole were

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In his second PCRA petition, Goodman alleged he was sixteen at the time of the crime. However, he concedes on appeal the court accurately set forth his age as seventeen. **See** Appellant's Brief, at 5.

unconstitutional when mandatorily imposed on juvenile offenders. **See Miller v. Alabama**, 567 U.S. 460 (2012). Responding to Goodman's request for a remand to address **Miller**, this Court directed the parties to submit briefs on the issue. Ultimately, relying on **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013) (holding that **Miller** could not provide relief in collateral proceedings), the panel affirmed the denial of Goodman's PCRA petition.

However, in 2016, the Supreme Court of the United States implicitly overruled **Cunningham** and held that **Miller** provided a basis for relief in collateral proceedings. **See Montgomery v. Louisiana**, 136 S.Ct. 718 (2015). Shortly thereafter, Goodman filed a second PCRA petition seeking re-sentencing under **Miller** and **Montgomery**.[2] Goodman subsequently filed a petition to reconsider sentence.

The court vacated Goodman's original sentence, and imposed a sentence of 27 years to life in prison. Goodman filed a post-sentence motion, seeking reconsideration of the sentence. The court denied reconsideration, and Goodman filed this timely appeal.

Goodman asserts the court abused its discretion in imposing sentence. He concedes this argument raises a challenge to the discretionary aspects of his sentence. **See** Appellant's Brief, at 6. "A challenge to the discretionary

---

[2] The court describes this petition as *pro se*. However, it was accompanied by a letter filed by Goodman's counsel. Furthermore, while the petition is a form petition often utilized by *pro se* prisoners, the verification purports to be signed by Goodman's counsel.

aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we will review this challenge on its merits." ***Id***. (citation omitted).

"First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted). ***See also*** Pa.R.A.P. 2119(f). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation and emphasis omitted). Here, Goodman has preserved his arguments through a post-sentence motion and his appellate brief contains the requisite Rule 2119(f) concise statement.

In his concise statement, Goodman argues the sentence imposed "was excessive," since it "was based on the criminal act alone and that under all of the circumstances the [s]entencing [c]ourt abused its discretion." Appellant's Brief, at 10.

A "bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." **Commonwealth v. Fisher**, 47 A.3d 155, 159 (Pa. Super. 2012) (citation omitted). Even if we were to conclude Goodman's claim is not a bald assertion of excessiveness, this Court has repeatedly held that the mere assertion that the sentencing court failed to give adequate weight to sentencing factors of record, without more, does not raise a substantial question for appellate review. **See**, **e.g.**, **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*).

Accordingly, Goodman has failed to raise a substantial question for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2018

- 4 -