J-S11036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW DUANE ATCHESON | : | |
| | : | |
| Appellant | : | No. 1198 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 7, 2020
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000013-2019

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: APRIL 30, 2021**

Appellant, Matthew Duane Atcheson, appeals from the judgment of sentence of 20 to 40 years' confinement imposed following his conviction of attempted murder and related offenses. We affirm.

On the evening of October 27, 2018, Appellant was involved in an incident where he was ejected from a bar in New Bethlehem, Pennsylvania for disruptive behavior. Appellant left the bar and a group of individuals, including Damen Dubrock, followed him outside where Appellant and Dubrock were involved in a physical altercation. Dubrock then went back inside the bar. A short time later, Appellant also reentered the bar, approached Dubrock, and slashed Dubrock's neck with a knife.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant proceeded to a jury trial in December 2019. On December 20, 2019, the jury convicted Appellant of attempted murder of the first degree, two counts of aggravated assault, two counts of simple assault, and recklessly endangering another person ("REAP").[1] On February 7, 2020, the trial court sentenced Appellant to a term of 20 to 40 years' confinement on the attempted murder charge and concurrent terms of 33 to 66 months on one of the aggravated assault charges and 12 to 24 months on the REAP charge. The remaining convictions merged for purposes of sentencing.

Appellant was granted leave to file a post-sentence motion *nunc pro tunc* and thereafter filed his motion on September 1, 2020. The trial court denied the post-sentence motion on October 8, 2020. Appellant thereafter filed a timely appeal.[2] On appeal, Appellant raises the following issue: "Whether the sentence of the Court for the Attempted Homicide charge for a period of not less than 240 months nor more than 480 months was manifestly unreasonable and excessive?" Appellant's Brief at 4.

The issue that Appellant raises on appeal is a challenge to the discretionary aspect of his sentence, which is not appealable as of right.

---

[1] 18 Pa.C.S. §§ 901(a), 2702(a)(1), (4), 2701(a)(1), (2), and 2705, respectively.

[2] Appellant filed his statement of errors complained of on appeal on November 24, 2020. On December 10, 2020, the trial court entered an opinion pursuant to Pa.R.A.P. 1925, in which it indicated that it was relying on the reasons stated in its October 8, 2020 opinion filed in support of the order denying Appellant's post-sentence motion.

*Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Id.* (citation omitted). Only once the appellant has satisfied each of the four requirements to invoke our jurisdiction will we proceed to review the merits of the discretionary sentencing issue under an abuse of discretion standard. *Id.* at 328-29.

In this case, Appellant preserved his sentencing issue in a post-sentence motion, filed a timely notice of appeal, and he included a Rule 2119(f) statement in his brief. We therefore must examine the Rule 2119(f) statement to determine whether Appellant has raised a substantial question meriting our review. *Id.* at 328; *see also Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) ("[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists.") (citation omitted). A substantial question is present where the appellant advances an argument that the sentence was inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Akhmedov*, 216

A.3d at 328. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (citation omitted). Whether a defendant has raised a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Wallace*, 244 A.3d 1261, 1278 (Pa. Super. 2021).

Appellant asserts in his Rule 2119(f) statement that his claim that the sentence was "manifestly excessive, inflicting too severe a punishment" presents a substantial question. Appellant's Brief at 10. However, as this Court has repeatedly held, "a generic claim that a sentence is excessive does not raise a substantial question for our review." *Commonwealth v. Andrews*, 213 A.3d 1004, 1017 (Pa. Super. 2019) (citation omitted); *see also Commonwealth v. Banks*, 198 A.3d 391, 401 (Pa. Super. 2018); *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012). Appellant relies on our decision in *Commonwealth v. Haynes*, 125 A.3d 800 (Pa. Super. 2015), to support his claim that he raised a substantial question. However, in *Haynes* we reiterated that a "bald claim of excessiveness does not present a substantial question," and the issue deemed to be substantial was a claim the sentence was manifestly excessive because it exceeded the aggravated range of the sentencing guidelines. *Id.* at 807-08. *Haynes* is distinguishable from the present case as it is undisputed that Appellant's sentence was within the standard guideline range, albeit at the maximum of the standard range. N.T., 2/7/20, at 21. Because Appellant's "bald claim of

excessiveness" in his Rule 2119(f) statement does not raise a substantial question, we do not reach the merits of his discretionary sentencing issue. **Haynes**, 125 A.3d at 807-08; **see also Fisher**, 47 A.3d at 159.[3]

For the foregoing reasons, we affirm.

Judgment of sentence affirmed.

_____

[3] In the argument section of his brief, Appellant asserts that the trial court failed to consider the mitigating evidence presented at the sentencing hearing, including his lack of a violent history, the staleness of his criminal record, and Appellant's statement at sentencing that he was "sorry for everything that happened." Appellant's Brief at 11-13 (citing N.T., 2/7/20, at 13-15). This Court has held that an excessive sentence claim "pair[ed] . . . with an assertion that the court failed to consider mitigating evidence" constitutes a substantial question. **Wallace**, 244 A.3d at 1278; **see also Akhmedov**, 216 A.3d at 328; **but see Commonwealth v. Pacheco**, 227 A.3d 358, 375 (Pa. Super. 2020) ("[A]n allegation that a sentencing court failed to consider or did not adequately consider certain mitigating factors does not raise a substantial question that the sentence was inappropriate."), **appeal granted on other grounds**, 237 A.3d 396 (Pa. 2020). Even if we were to address this argument on the merits, however, we would not find that the trial court abused its discretion at sentencing. The record reflects that the trial court was aware of the facts of the case, was in possession of and had reviewed the pre-sentence investigative report ("PSI"), and considered the relevant factors set forth in Section 9721(b) of the Sentencing Code, 42 Pa.C.S. § 9721(b). N.T., 2/7/20, at 21-22; **see also** Trial Court Opinion, 10/8/20, at unnumbered page 8. Where the sentencing court had the benefit of a PSI, we presume that the court was aware of information related to the defendant's character and properly weighed any mitigating factors. **Commonwealth v. Knox**, 165 A.3d 925, 930-31 (Pa. Super. 2017). Appellant makes no showing to rebut this presumption. Furthermore, we discern no abuse of discretion in the trial court's determination that Appellant had not taken "full responsibility for the incident" in spite of his expression of contrition at the sentencing hearing, as the court's determination was based on contrary statements by Appellant reported in the PSI. N.T., 2/7/20, at 13, 15, 20-22.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/30/2021