J-S11009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHNNY LEE NELSON | |
| Appellant | No. 1151 WDA 2020 |

Appeal from the Judgment of Sentence entered September 30, 2020
In the Court of Common Pleas of Crawford County
Criminal Division at No: CP-20-SA-0000057-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    FILED: NOVEMBER 19, 2021

Appellant, Johnny Lee Nelson, appeals from the September 30, 2020 judgment of sentence imposed in the Court of Common Pleas of Crawford County following Appellant's entry of a guilty plea to driving under suspension—DUI related.  75 Pa.C.S.A. § 1943(b).

This case returns to us following remand.  In accordance with our June 10, 2021 order, Appellant's counsel filed a Rule 1925(b) statement and the trial judge, the Honorable Senior Judge William R. Cunningham, issued a Rule 1925(a) opinion in response.  Further, the transcript of Appellant's September 29, 2020 guilty plea hearing has been made a part of the certified record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Following review of the now-complete record, and for the reasons set forth in the opinion of Judge Cunningham, we affirm.

In its Rule 1925(a) opinion, the trial court provides a complete factual and procedural history of the case. The court recognizes that Appellant previously filed a brief with this Court—despite having failed to file a Rule 1925(b) statement—contending that Appellant's plea was not knowingly or intelligently entered. However, in the Rule 1925(b) statement filed in response to our remand order, Appellant presented a sole issue contending the trial court abused its discretion by imposing an excessive sentence.

As this Court explained in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied,* 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

**Id.** at 170. Here, while Appellant filed a timely notice of appeal, he failed to preserve the issue in his post-sentence motion, failed to include a Rule 2119(f) statement in his appellate brief, and failed to present a substantial question

- 2 -

for our review by making a bald assertion of excessiveness. ***See Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013) ("bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim").

The trial court correctly determined that Appellant failed to raise a substantial question for our review and that his "appeal is without merit as a procedural and substantive matter." Rule 1925(a) Opinion, 10/25/21, at 7. We agree with the trial court's analysis. Therefore, we adopt the trial court's opinion as our own and incorporate it herein by reference. In the event of further proceedings, the parties shall append a copy of the Rule 1925(a) opinion to their filings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021

IN THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH | : | S.A. No 57-2019 |
| OF PENNSYLVANIA | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNNY LEE NELSON | : | |
| | : | |

FILED 2021 OCT 25 PM 1:59 CLERK OF COURTS CRAWFORD COUNTY, PA

## Pa.R.A.P. 1925(a) OPINION

**William R. Cunningham, S.J.**

This case is simple. The Defendant does not challenge his conviction for driving without a license that was suspended or revoked for DUI related reasons. Instead, he appeals the denial of his request for house arrest in lieu of the mandatory incarceration explicitly directed by the state legislature. There is no procedural or substantive merit to the Defendant's claim.

On May 27, 2019, the Defendant was cited for Operating a Motor Vehicle With Suspended or Revoked License for DUI, 1st offense, 75 Pa. C.S.A. 1543(b)(1)(i). The Defendant was found guilty as charged at a hearing held on August 23, 2019 before the Magisterial District Judge. The Defendant was ordered to serve the mandatory jail sentence of 60 days, a $500 mandatory fine and related costs. A timely summary appeal was filed by the Defendant's counsel on September 3, 2019.

A hearing was first scheduled by administrative order dated November 27, 2019, setting the Defendant's summary appeal hearing for Friday, January 31, 2020 before the Court of Common

Pleas. Notice of the hearing was provided in writing to the Defendant's counsel by email on December 2, 2019.

On January 3, 2020, the Defendant's counsel signed a Motion to Withdraw in which he averred in part: "This attorney believes an appeal will not change the outcome or length of sentence. Furthermore, defendant Nelson refuses to listen to sound legal advice…". By Order dated January 9, 2020, the Defendant's counsel was permitted to withdraw. Said Order did not reference or change the January 31, 2020 summary appeal hearing.

On January 31, 2020, the Defendant failed to appear for his scheduled hearing. As a result, by Order dated January 31, 2020, the Defendant's summary appeal was dismissed by the Honorable Senior Judge John C. Reed. Judgment was entered on the sentence imposed by the issuing authority and the Defendant was ordered to report to the Crawford County Correctional Facility on Friday, February 7, 2020. Note this reporting date gave the Defendant a grace period of reporting to jail of more than thirty days.

On February 3, 2020, the Defendant, acting *pro se,* filed a document titled: "Motion for having a hearing with proper legal attorney being present in my presence". In this Motion, the Defendant claims he did not get notice from his attorney or the court "concerning my sentence date February 10th." The Defendant never alleges he did not get notice of the January 31, 2020, hearing. Nonetheless, by Order dated February 5, 2020, Judge Reed vacated his January 31, 2020 Order and set a new summary appeal hearing for March 27, 2020.

For reasons related to Covid, by administrative order dated March 17, 2020, President Judge John F. Spataro continued the Defendant's summary appeal hearing to May 4, 2020. Similarly, on April 24, 2020, President Judge Spataro continued the hearing to July 15, 2020.

2

On July 8, 2020, the Defendant filed, *pro se,* a "Motion to Reschedule" the hearing to "on or after September 23, 2020" so he could secure an attorney. The Defendant's request was granted. By Order dated July 10, 2020, this case was continued to September 29, 2020.

The Defendant appeared at the September 29, 2020 hearing before the undersigned. As the record reflects, he entered a knowing and voluntary plea to the charge. By his own admission, the Defendant was driving a motor vehicle on a public street on May 27, 2019 at a time when his license was suspended for DUI related reasons. In other words, he has no defense to the straightforward elements of this charge.

At sentencing, the Defendant requested house arrest instead of the mandatory incarceration. It was explained to the Defendant that he was not eligible for house arrest. *September 29, 2020 transcript, p.8 (hereafter cited as S.T.).*The Defendant was sentenced to a mandatory minimum period of 60 days incarceration, a fine of $500 and costs. He was given a deferred reporting date of October 29, 2020.

A Notice of Appeal was filed on October 27, 2020, by Attorney Mathew Parson, counsel for the Defendant. By Order dated October 27, 2020, emailed to Attorney Parson that same date, the Defendant was required to file a Concise Statement of Matters for Appeal. The Concise Statement was due by November 18, 2020.

When the Defendant still had not filed a Concise Statement as of December 10, 2020, some three weeks after it was due, by Order dated December 10, 2020, the Clerk of Courts was directed to forward the file to the Superior Court, noting the Defendant had not preserved any issues for appellate review.

3

On appeal, by way of his appellate Brief, the Defendant contended his plea was not knowingly or intelligently entered. However, the Defendant failed to present the transcript of the September 29,2020, hearing, which would provide a record to determine the merits of the Defendant's challenge to his plea. Notably, the transcript was filed on February 2, 2021 and was thus available to all parties during the pendency of the Defendant's appeal.

On June 10, 2021, the Superior Court remanded this matter to enable the Defendant's counsel to file a Concise Statement. On September 29, 2021, the Defendant filed a Concise Statement in which the sole issue he raises, for the first time ever, was an abuse of sentencing discretion for "giving an excessive sentence to jail while COVID is an issue instead of sentencing the defendant to house arrest." *See Concise Statement, filed Sept. 29, 2021.*

This issue was not previously preserved by way of a Concise Statement or in an appellate Brief filed by the Defendant's counsel, despite the obvious fact it was available, if viable, to be raised at the time.

In the October 27, 2020 Order, directing the Defendant to file a Concise Statement, the Defendant was specifically informed "(a)ny issue not properly included in the Statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived." This language is taken verbatim from *Pa.R.A.P 1925(b)(3)(iv)*.

Counsel next confounded the appellate review of this case by failing to provide the transcript which could support his challenge to his plea - despite the fact it was electronically available to all parties as of February 2, 2021. It is the burden of the moving party to ensure the record is sufficient to support appellate review of the issue(s) raised. "Ultimate responsibility for a

4

complete record rests with the party raising an issue that requires appellate court access to record materials." *Note, Pa.R.A.P. 1921.*

Next, in his written Brief before the Superior Court, the Defendant challenged his plea but did not challenge his sentence. Yet, the Defendant is now, on September 29, 2021, for the first time ever, challenging the discretionary aspects of his sentence.

Assuming arguendo there is not a complete failure to preserve any issues for appellate review, there is no merit to the Defendant's challenge to his sentence. The legislature has mandated a minimum jail sentence of 60 to 90 days for the offense committed by the Defendant. 75 Pa.C.S.A. 1543(b)(1)(i) ("...**shall**, upon a first conviction, be guilty of a summary offense and **shall** be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days." *Emphasis added.)* The mandatory sentence the Defendant could have received was up to 90 days, instead he was given the mandatory minimum of 60 days.

The Defendant's sentence from the Magisterial District Judge was the mandatory minimum period of incarceration. When the Defendant failed to appear for his January 31, 2020 summary appeal hearing, his appeal was dismissed and he was ordered by Judge Reed to report to jail on February 7, 2020. All of these dispositions were during the COVID crisis.

In addition, the Commonwealth noted it was the policy of the Crawford County District Attorney's Office to seek, and the longtime practice of the Crawford County bench to impose, a 60 day jail sentence for Section 1543(b) convictions. *S.T. 8.* This Court is serving as a Senior Judge in this matter and is not necessarily bound by these practices, but notes them for the purpose of establishing that the Defendant was not singled out for different treatment.

5

The Defendant cites no legal authority for his contention it was an abuse of discretion not to grant him house arrest. To the contrary, generally a mandatory sentence is not subject to the sentencing alternatives to incarceration. 42 Pa.C.S.A. 9721(a.1)(1).

Presently, the Defendant ignores the fact he was not eligible for house arrest at the time of his sentencing because he did not have a drug and alcohol assessment. *Id. pp.7-8.* According to a specific legislative directive, a drug and alcohol assessment is a prerequisite for eligibility to an intermediate punishment alternative to incarceration for the mandatory sentence imposed on the Defendant: "(a)ny person receiving a penalty imposed pursuant to 75 Pa.C.S.A. 1543(b) (related to driving to while operating privilege is suspended or revoked)...may only be sentenced to county intermediate punishment after undergoing an assessment under 75 Pa.C.S.A. 3814 (relating to drug and alcohol assessments)." 42 Pa.C.S.A. 9763(c)(1). It is undisputed the Defendant did not have a drug and alcohol assessment at the time of his sentencing. Accordingly, the Defendant was not eligible for house arrest, a fact which was explained to him at sentencing. *S.T., p. 8.*

Separately, the Defendant was given favorable terms in the sentence imposed. The Defendant requested additional time to arrange his business and family affairs: "I'm just asking if the Court could grant me a deferral for at least 30 days until my house is completed and my contracts are completed." *S.T., p. 7.* Notably, the Defendant has had since May 27, 2019, to get his affairs in order. Nonetheless, the Defendant's request was granted and his reporting date was deferred for a period of thirty days, i.e., until October 29, 2020. *See September 29, 2020 Order.*

6

Lastly, to receive appellate review of the discretionary aspects of his sentence, the Defendant must establish a substantial question has been raised that his sentence was not appropriate under the Sentencing Code. *Commonwealth v. Colon,* 102 A.3d 1033, 1042 (Pa.Super. 2014). It is the Defendant's burden to establish "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying process." *Commonwealth v. Mouzon,* 812 A.2d 617, 627 (Pa. 2002).

The Defendant fails to cite to any provision of the Sentencing Code that has been violated. As discussed, the Defendant's sentence was consistent with the explicit provisions the legislature set forth for a violation of 75 Pa.C.S.A. 1543(b)(1)(i).

Likewise, the Defendant has failed to identify a particular fundamental norm that was violated or establish how it was violated. There is not even a boilerplate allegation regarding any sentencing norm.

As a result, the Defendant has not raised a substantial question entitling him to appellate review of the discretionary aspects of his sentence.

## CONCLUSION

This appeal is without merit as a procedural and substantive matter.

October 22, 2021

WILLIAM R. CUNNINGHAM, Senior Judge

7