J-S18011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN WAYNE WEYANT | : | |
| | : | |
| Appellant | : | No. 1199 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 5, 2023
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000433-2023

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: July 30, 2024**

Allen Wayne Weyant appeals from the judgment of sentence entered in the Cambria County Court of Common Pleas on September 5, 2023, following Weyant's plea to the summary offense of driving while operating privilege is suspended or revoked. On appeal, Weyant challenges the discretionary aspects of his sentence. We affirm.

On July 31, 2023, Weyant entered an open guilty plea to the above summary offense. Sentencing was delayed at defense counsel's request, in order to obtain an updated driver's record due to Weyant informing counsel that one of his past convictions for the same offense was recently removed from his record.

On September 5, 2023, the trial court sentenced Weyant to 90 days to six month's incarceration, plus costs and fines. Weyant filed a *nunc pro tunc*

post-sentence motion for modification of sentence. The court accepted the motion *nunc pro tunc* and denied the motion the same day. This timely appeal followed.

In his sole issue on appeal, Weyant argues the trial court abused its discretion by sentencing him to imprisonment because that sentence was not mandatory and is excessive for a summary offense. ***See*** Appellant's Brief, at 4. Weyant concedes this claim raises a challenge to the discretionary aspects of sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Weyant filed a timely appeal and included the requisite Rule 2119(f) concise statement in his appellate brief. However, we cannot discern

from the certified record whether the issue before us was properly preserved at sentencing or in a motion to reconsider and modify sentence.

We find a disparity between the issue raised in Weyant's post-sentence motion, his 1925(b) concise statement, and his appellate brief. A defendant can only preserve a claim to the discretionary aspects of a court's sentence if he notes a specific objection at the sentencing hearing or in a post-sentence motion. **See id**.

In his motion for modification of sentence, Weyant simply argued that his sentence was excessive. **See** Post-Sentence Motion, 10/2/23, at 1. In his 1925(b) concise statement, Weyant again simply made a bald assertion that his sentence was excessive. **See** Appellant's Brief, at Appendix C.

However, in his Rule 2119(f) statement, Weyant argues the underlying summary offense does not carry a mandatory sentence of imprisonment and he is not a habitual offender. **See** Appellant's Brief, at 9. As such, Weyant asserts generally that "[t]he trial court misapplied the sentencing guidelines and abused its discretion." **Id**.

Because Weyant failed to raise the instant discretionary sentencing issue in his post-sentence motion, the only place he could have preserved this particular issue was during the sentencing hearing. However, the sentencing transcript is absent from the certified record. Accordingly, we have no way of

knowing if Weyant raised any objections to his sentence at the sentencing hearing.[1]

> It is the responsibility of an appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. However, if the failure to transmit the entire record is caused by an "extraordinary breakdown in the judicial process," an appellant is entitled to have his or her claims resolved on the merits.

***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. Super. 2013) (citations omitted). We have on occasion remanded matters in order for the record to be supplemented to include the omitted material. ***See id***. However, we find such action unnecessary here, because Weyant's allegation that his sentence is excessive entitles him to no relief even if properly preserved at the sentencing hearing.[2]

A "bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." ***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012) (citation omitted). Further, even if the separate issue as phrased in Weyant's 2119(f) statement could have potentially presented a substantial

---

[1] Neither party indicates any objection was made by Weyant at the time of the sentencing hearing.

[2] The Superior Court is under no obligation to assist an appellant in securing that all relevant documents are in the certified record. Nevertheless, our informal efforts to secure the transcript were unsuccessful as it appears no sentencing transcript was filed with the clerk of courts.

question, he failed to challenge a specific provision of the Sentencing Code or cite a particular fundamental norm underlying the sentencing process that he believes was violated. *See Commonwealth v. Bartic*, 303 A.3d 123, 134 (Pa. Super. 2023) ("A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is 'contrary to the fundamental norms which underlie the sentencing process.'") (citation omitted).

Finally, even if we had not found Weyant's issue waived, we discern no abuse of the court's discretion in imposing sentence. In its opinion on appeal, the trial court stated:

> Here, the sentence was within the standard range and statutory maximum and the [c]ourt: understood the sentencing guidelines; had the benefit of and considered Weyant's driving record; explained that it had considered the guidelines and sentencing options; explained it had considered the nature of these particular crimes and the circumstances surrounding them; and considered Weyant's personal circumstances. Viewed as a whole the record reflects that the [c]ourt gave due consideration to all relevant factors and provided adequate reasons for sentencing Weyant in the standard range.

Trial Court Opinion, 12/4/23, at 7. Contrary to Weyant's assertions, the sentence imposed was within the court's discretion to impose.

We find Weyant waived his claim, failed to raise a substantial question warranting our review, and failed to show the trial court abused its discretion in sentencing him. We therefore affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/30/2024