J-S16023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                             :  PENNSYLVANIA
                                             :
                     v.                    :
                                             :
                                             :
MANUEL JESUS BORRERO          :
                                             :
                Appellant        :  No. 1721 MDA 2018

Appeal from the Judgment of Sentence Entered September 27, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000801-2013

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED APRIL 09, 2019**

Manuel Jesus Borrero (Appellant) appeals from the judgment of sentence imposed at Docket Number CP-08-CR-0000801-2013 (801-2013) following the revocation of his probation and entry of his guilty plea at Docket Number CP-08-CR-0000413-2018 (413-2018), to selling or furnishing liquor or malt or brewed beverages to minors.[1]  Appellant's appellate counsel (Counsel) seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we affirm Appellant's judgment of sentence and grant Counsel's petition to withdraw.

The trial court summarized the relevant facts and procedural history as follows:

---

[1] 18 Pa.C.S.A. § 6310.1(a).

Appellant pled guilty [at Docket Number 801-2013] to Involuntary Manslaughter, 18 Pa.C.S.A. § 2504(a), M1, on July 15, 201[4]. The underlying facts are that he was aware that his brakes in his vehicle were not working; he was unable to brake while proceeding down a hill and swerved into the opposite lane to avoid hitting [a] vehicle in front of him, but hitting another vehicle head on; and caused the death of the other driver. He was sentenced on September 4, 2014 to a split sentence of imprisonment of 3 months to 23 months to 29 days followed by 24 months of probation. Appellant completed the incarceration portion of his sentence having been paroled and he was serving his probation sentence. A Petition to Revoke Probation was filed on May 3, 2018 alleging that Appellant was charged [at Docket Number 413-2018] with 26 counts of Sell/Furnish Liquor Etc. to Minors, M3, resulting from an incident that occurred on 3/25/18. Appellant waived *Gagnon I* and *II* hearing[s] on August 30, 2018. A plea of guilty [at Docket Number 413-2018] was entered on that same date to the new offense of Selling/Furnishing Liquor/Malt/Brew Beverages to a Minor. Appellant was resentenced on September 27, 2018 [at Docket Number 801-2013 following the revocation of his probation] to imprisonment of 11 months to 23 months 29 days.

Trial Court Opinion, 12/6/18, at 1.[2]

On October 2, 2018, Appellant filed a post-sentence motion challenging the discretionary aspects of his re-sentencing at Docket Number 801-2013, in which he simply requested that the trial court consider a shorter period of incarceration. On October 4, 2018, the trial court denied Appellant's post-sentence motion. This timely appeal from Appellant's judgment of sentence at Docket Number 801-2013 followed.

---

[2] Also on September 27, 2018, the trial court sentenced Appellant at Docket Number 413-2018 to 12 months of probation.

On October 19, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On October 23, 2018, Counsel filed a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4). On appeal, counsel filed an **Anders** brief and attached his petition to withdraw.

There are particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders,** this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to precisely what an **Anders** brief must contain:

> [T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. When faced with a purported **Anders** brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 354 n.5.

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition for Leave to Withdraw as Counsel, 1/22/19, ¶ 2. In conformance with **Santiago**, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the only issue he believes might arguably support Appellant's appeal. **See Anders** Brief at 7-16. Counsel's brief sets forth his

- 4 -

conclusion that the appeal is frivolous and includes citation to relevant authority. *See id.* at 10-16. Finally, Counsel has attached to his petition to withdraw the letter that he sent to Appellant, which enclosed Counsel's petition and *Anders* brief and advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

The sole issue presented by Counsel in the *Anders* brief is whether Appellant's sentence following the revocation of his probation was "excessive or too harsh" because he was not otherwise arrested while under supervision. *Anders* Brief at 10-14. This issue challenges the discretionary aspects of Appellant's sentence.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a

plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted).

Although Appellant preserved his sentencing claim by filing a post-sentence motion and timely notice of appeal, we conclude that Appellant's bald assertion that his sentence was excessive or too harsh does not present a substantial question.[3] ***See Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."). Appellant's claim does not challenge a specific provision of the sentencing code nor does it cite any particular fundamental norm underlying the sentencing process that Appellant believes has been violated. Appellant's sentencing claim amounts to an unsubstantiated assertion that his sentence was excessive, and is devoid of supporting legal authority. Because Appellant does not present a substantial question for our review, "we will not review his sentencing claim." ***See id.***

---

[3] Although the ***Anders*** brief does not include a separate Rule 2119(f) statement, the lack of the statement is not an impediment to our review. ***See Commonwealth v. Zeigler***, 112 A.35 656, 661 (Pa. Super. 2015) (where counsel has filed an ***Anders*** brief, this Court has reviewed discretionary sentencing claims in the absence of a Pa.R.A.P. 2119(f) statement).

Additionally, after conducting our own independent review of the record, we have determined that there are no issues of merit and agree with Counsel's assessment that Appellant's direct appeal is frivolous. We thus find this appeal to be wholly frivolous and permit Counsel to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2019