J-S21029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID FRANCIS CONSTANTINI | : | |
| | : | |
| Appellant | : | No. 3135 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 10, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000744-2011

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 07, 2019**

David Francis Constantini (Appellant) appeals from the judgment of sentence imposed following the revocation of his probation and resentencing. Appellant's appellate counsel (Counsel) seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On April 12, 2012, a jury found Appellant guilty of retail theft and receiving stolen property. On June 26, 2012, the trial court sentenced Appellant to an aggregate term of two to four years of incarceration followed by 3 years of probation.

On August 2, 2012, while still under supervision, Appellant pled guilty to possession of a controlled substance, possession of drug paraphernalia, possession with intent to deliver, and criminal conspiracy at docket number

J-S21029-19

CP-23-CR-3160-2017. Consequently, on October 10, 2018, the trial court held a *Gagnon II* hearing,[1] at the conclusion of which the court found Appellant in violation of his supervision, revoked his probation, and imposed a new sentence of two to four years of incarceration. On October 11, 2018, Appellant filed a timely *pro se* notice of appeal and on October 15, 2018, he filed a *pro se* post-sentence motion for reconsideration of sentence, which was denied by operation of law.[2]

On appeal, Counsel has filed an *Anders* brief and a petition to withdraw. There are particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might

---

[1] The *Gagnon II* hearing requires two inquiries: (1) whether the probationer has in fact violated one of the conditions of his probation, and, if so, (2) should the probationer "be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation[.]" *Gagnon v. Scarpelli*, 411 U.S. 778, 784 (1973).

[2] During his violation of probation proceedings, Appellant was represented by Jeffrey Bauer, Esquire; on appeal, Appellant is represented by Patrick Connors, Esquire. In the interim, Appellant filed his notice of appeal and post-sentence motion *pro se*.

arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders,* this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Additionally, there are requirements as to precisely what an *Anders* brief must contain:

[T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the

proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 354 n.5.

Instantly, we conclude that Counsel has complied with the above requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Application to Withdraw Appearance, 2/22/19, ¶ 3. In conformance with ***Santiago***, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the only issue he believes might arguably support Appellant's appeal. ***See Anders*** Brief at 4-7. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. ***See id.*** at 7. Finally, Counsel has attached to his petition to withdraw the letter that he sent to Appellant, which enclosed Counsel's petition and ***Anders*** brief and advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration. We therefore turn to the merits.

The single issue presented by Counsel in the ***Anders*** brief is whether Appellant's new sentence of two to four years of incarceration was harsh and excessive under the circumstances. This issue challenges the discretionary aspects of Appellant's sentence.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014).

"An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted).

Although Appellant preserved his sentencing claim by filing a post-sentence motion and a timely notice of appeal, and the *Anders* brief includes a Pa.R.A.P. 2119(f) statement, we conclude that Appellant's simple assertion that his sentence was excessive and harsh under the circumstances does not present a substantial question. *See Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."). Appellant's claim does not challenge a specific provision of the sentencing code nor does it cite any particular fundamental norm underlying the sentencing process that Appellant believes

has been violated. Appellant's sentencing claim amounts to an unsubstantiated assertion that his sentence was excessive. Because Appellant does not present a substantial question for our review, "we will not review his sentencing claim." ***See id.***

Finally, after conducting our own independent review of the record, we have determined that there are no issues of merit and agree with Counsel's assessment that Appellant's direct appeal is frivolous. We thus find this appeal to be wholly frivolous and permit Counsel to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/19