J-S20023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHONICE MARTIN | |
| Appellant | No. 1505 EDA 2019 |

Appeal from the Judgment of Sentence entered January 11, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005281-2014

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 29, 2020**

Appellant, Chonice Martin, appeals from the judgment of sentence imposed in the Court of Common Pleas of Philadelphia County on January 11, 2018, following entry of an open guilty plea to charges of aggravated assault and possession of an instrument of crime (PIC).[1]  Appellant argues the trial court abused its discretion by imposing an unduly harsh and excessive sentence.  Following review, we affirm.

This Court previously summarized the facts elicited at Appellant's sentencing hearing as follows:

> During an alteration on July 1, 201[4], Appellant used a six-inch steak knife to stab the complainant, Ms. Mitchell, two times in her chest underneath her right arm.  The treatment of the complainant's injuries required the placement of a chest tube and

---

[1] 18 Pa.C.S.A. §§ 2702(a) and 907(a).

a five-day stay in the hospital. As a result, Appellant was charged with aggravated assault and PIC.

On July 13, 2017, Appellant entered an open guilty plea to the aforementioned charges. Sentence was deferred for preparation of a pre-sentence investigation (PSI) report.

*Commonwealth v. Martin*, No. 1287 EDA 2018, unpublished memorandum at 1-2 (Pa. Super. filed February 19, 2019) (citations to sentencing transcript omitted). On January 11, 2018, the trial court imposed a sentence of four to ten years in prison, followed by five years' probation, for aggravated assault.[2] The court also imposed a sentence of five years' probation for PIC to run concurrently with Appellant's probationary sentence for aggravated assault.

Although Appellant's appeal from the judgment of sentence was untimely filed, this Court declined to quash due to a "breakdown in the operation of the court," *id.* at 8, and instead remanded for the trial court to address the merits of Appellant's post-sentence motion *nunc pro tunc*. On remand, the trial court denied Appellant's motion for reconsideration. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our consideration:

---

[2] As this Court explained, "Appellant had a prior record score of zero and an offense gravity score of eleven. Therefore, the standard-range minimum sentence was thirty-six to fifty-four months, plus or minus twelve months for aggravating or mitigating factors. *Commonwealth v. Martin*, No. 1287 EDA 2018, unpublished memorandum at 2 n.2 (Pa. Super. filed February 19, 2019) (citing 204 Pa. Code § 303.16(a)). We note the maximum term of incarceration for this offense is 20 years in prison. 18 Pa.C.S.A. § 1103(1).

Is the sentence imposed unduly harsh and excessive under the circumstances of this case?

Appellant's Brief at 4. As such, Appellant presents a challenge to the discretionary aspects of sentence, which this Court reviews for an abuse of discretion. *Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa. Super. 2010). As we reiterated in *Moury*:

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Id.* at 169-70 (quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (internal citations omitted)).

Moreover, a challenge to the discretionary aspects of sentence does not entitle an appellant to review as of right. *Id.* at 170 (citing *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000)). An appellant must first invoke this Court's jurisdiction by satisfying a four-part test that includes filing a timely notice of appeal; preserving the issue in a motion to reconsider and modify sentence; including a statement in the appellant's brief in accordance with Pa.R.A.P. 2119(f); and presenting "a substantial question that the

sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b)." *Id.* (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Appellant filed a timely appeal, preserved the issue in a motion to reconsider, and included a Rule 2119(f) statement in her brief. Although she has satisfied the first three elements of the test, we must determine whether she has presented a substantial question. As phrased in her Statement of Questions presented, Appellant contends the trial court imposed a sentence that was "unduly harsh and excessive under the circumstances of this case." Appellant's Brief at 4. A bald assertion of excessiveness does not raise a substantial question. *See, e.g., Commonwealth v. Giordano*, 121 A.3d 998, 1008 (Pa. Super. 2015) (quoting *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012) ("bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim")). However, in her Rule 2119(f) statement, Appellant complains that the trial court failed "to acknowledge [her] rehabilitative needs or the circumstances surrounding her offense." Appellant's Brief at 30. As Appellant notes, this Court determined a substantial question was raised when an appellant claimed the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence[.]" *Id.* at 30-31 (quoting *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013)).

Therefore, we conclude Appellant has raised a substantial question and we shall consider the merits of her claim.

Again, we review a discretionary aspects of sentencing claim for abuse of discretion. *Moury*, 992 A.2d at 169. Appellant suggests the trial court abused its discretion by failing to consider her rehabilitative needs and the circumstances surrounding the events leading to her conviction.

During Appellant's sentencing hearing, the prosecutor presented argument in favor of a minimum four and one-half year sentence for aggravated assault, stating:

> A lot of the information that I will be talking about today will be based on the presentence investigation. I think that gives the most insight into [Appellant]. I mark that as C-1 in this case. The presentence investigation indicates that she had a lot of anger-related issues and she had previously been enrolled in the Wedge to report those issues. I do not see any indication of drug abuse. During the course of this fight, there was no indication of drug abuse as well. [Appellant] stabbed Antoinette Mitchell [two] times, the left side of the back and underneath the right arm, with a 6-inch steak knife. . . . [Ms. Mitchell was] in the hospital for 5 days as a result of this incident with a punctured lung and a chest tube. When she came into court that day, she still had scars visible from the result of that fight. She is still receiving treatment.

Notes of Testimony, Sentencing, 1/11/18, at 19-20.

The prosecutor read into the record a letter from Sharlene Scott who is the sister of Appellant's victim and was a witness to the assault. The prosecutor then asked the court to consider "the egregiousness of this offense." *Id.* at 22. The prosecutor argued that the incident could have turned into a homicide and asked that the seriousness of the situation not be

- 5 -

lost on the court. ***Id.*** She acknowledged Appellant had a prior record score of zero and explained that a mental health report was requested "just to see if there was anything within [Appellant's] history that could explain how you go from a zero to a stabbing, and nothing in the report is necessarily indicative of someone suffering from something severe enough to have dictated these actions." ***Id.*** at 22-23.

> Appellant's counsel responded:
>
> Your Honor, I'll just start with some of the stuff I think the Court already knows. My client is 33 years old. She is a single mother of a 12-year-old daughter that she's raising. She had issues growing up. At age 12 she was raised by her mother and grandmother. She works. She successfully completed 2 1/2 years of pretrial house arrest. She was taken off of that in July and remains incident-free until today. Here we are for sentencing.
>
> Your Honor, she had some issues with mental health in the past; schizophrenia, anxiety, which she did receive some treatment at the Wedge. She had recently reached out to the Wedge to resume her treatment. She recognizes she would benefit from that. She has attempted to get her GED on, I think, at least three occasions. She recently, again, made an effort and found out that the course will begin in March. She does want to do things to improve her current situation. Your Honor, I'm asking you to substantially mitigate. I know the Commonwealth is asking for a state sentence of around 4 1/2 years. [Appellant,] Your Honor, is not a danger to society or to the community. I say that for the following reasons. [The prosecutor] said how do you go from a zero to picking up a knife and stabbing somebody. Well, this was a melee.

***Id.*** at 23-24.

After taking testimony from Appellant about her work as a home health care aide and a housekeeper, the court imposed its sentence. The court explained that when imposing a sentence following an open guilty plea, "I

begin taking a look at my sentence from [the point of view of the mitigated range]." *Id.* at 41. In this instance, a sentence in the mitigated range would be 42 months, or three and one-half years. "With regard to [Appellant], the charge of aggravated assault, the seriousness of the injury, I can't stay down to 3-1/2. I sentence her to 4 to 10 years in a state correctional institution." *Id.* at 41. The court further sentenced Appellant to serve five years' probation, consecutive to her sentence of incarceration, for aggravated assault as well as five years' probation for PIC, to be served concurrently with her probation for aggravated assault. *Id.* at 41-42.

With respect to the alleged failure to consider rehabilitative needs, we note that the trial court had the benefit of a mental health report as well as a PSI. "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations." *Id.* at 171 (internal quotations and citations omitted). Further, an aggravated range sentence is justified "to the extent the individual circumstances of [her] case are atypical of the crime for which Appellant was convicted, such that a more severe punishment is appropriate." *Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006). Here, the trial court explained, "If you stab somebody with a steak knife one time it could be an accident or even overwhelmed by some kind of emotion. But to withdraw the knife and put it into the person a second time, I mean, how do you explain that? Especially in a vital part of the body

where she was stabbed, puncturing a lung." Notes of Testimony, Sentencing, 1/11/18, at 31.

The trial court had the benefit of the PSI and a mental health report, as well as argument from the prosecutor and defense counsel, and testimony from Appellant herself. "After careful review and consideration of the record, the PSI and argument of counsel," the court imposed its sentence. Trial Court Opinion, 9/18/19, at 4. As noted above, the trial court is given broad discretion in sentencing and this Court's deferential standard on review "is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Moury*, 992 A.2d at 170.

Based on our review of the record and the applicable law, we find the trial court did not abuse its discretion in imposing Appellant's sentence. Appellant is not entitled to relief.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 7/29/2020*